**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JAMES SLOMAN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PRESSTEK, INC., EDWARD J. MARINO and MOOSA E. MOOSA,<br><br>      Defendants. | Civil Action No. 1:06-cv-377-JL |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
CONSENTED TO MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AND OF PRELIMINARY APPROVAL ORDER**

**I. PRELIMINARY STATEMENT**

Lead Plaintiff submits this memorandum in support of his consented to motion for an order granting preliminary approval of the proposed settlement of this securities class action, which provides for a settlement consisting of $1,250,000 in cash to be paid by or on behalf of Defendants.

This litigation involves claims against Presstek, Inc. ("Presstek" or the "Company") and two of its officers by purchasers of Presstek common stock during the period July 27, 2006 through September 28, 2006 (the "Class Period"). The complaint asserts Defendants made false and misleading statements about one of Presstek's key new products and its anticipated results for the third quarter of 2006. Defendants deny all of the allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Class suffered damages or that the

- 1 -

price of Presstek common stock was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise.

By this motion, Lead Plaintiff, with the assent of Defendants, seeks preliminary approval of the settlement of the litigation and entry of an Order of Preliminary Approval providing:

1. certification of a class for settlement purposes only;

2. approval of the form of notice, summary notice and proof of claim form describing the terms of the settlement and Settlement Class Members' rights with respect thereto, including the filing of proofs of claim; and

3. setting the date for a hearing to consider final approval of the settlement.

For purposes of this motion for preliminary approval, the issue before the Court is whether the settlement is within the range of what might be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the settlement, and scheduling a final hearing. "'[W]hen the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected,' a presumption of fairness attaches to the court's determination." *In re Lupron(R) Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (citation omitted). The Court is not required at this point to make a final determination regarding the reasonableness of the settlement, and no Settlement Class Member's substantive rights will be prejudiced by preliminary approval.

Lead Plaintiff and his counsel are fully conversant with the strengths and weaknesses of this case, and thus can readily evaluate the risks associated with the continued litigation, as well as the fairness of its resolution at this time. Lead Plaintiff submits that the proposed settlement is in the best interests of the class. The settlement was the result of arm's-length negotiations,

reached as a result of mediation with a retired federal judge who is an experienced mediator, and warrants preliminary approval for purposes of notifying Class Members.

## II.    OVERVIEW OF THE LITIGATION

On October 10, 2006, a securities class action complaint was filed in this District on behalf of purchasers of Presstek common stock during the Class Period, alleging violations of the Securities Exchange Act of 1934. Lead Plaintiff filed his amended complaint (the "Complaint") on February 1, 2007.

The Complaint alleged that Defendants made misrepresentations in a July 27, 2006 press release concerning one of Presstek's new digital products and Presstek's expected revenue and earnings for the third quarter ended September 30, 2006. The Complaint further alleged that at an investor conference on September 28, 2006, Presstek reiterated its revenue expectation for the quarter that was to end two days later. The Complaint further alleged that heavy selling of Presstek stock produced a sharp decline in the price of the stock beginning midday on September 28, 2006. The Complaint also alleged that after midnight that night, Presstek issued a press release disclosing that its revenue for the quarter would be substantially below the amount that Presstek had represented at the conference less than 24 hours earlier.

On February 21, 2007, the Court appointed Mr. Sloman to be the Lead Plaintiff in this Class Action, and it appointed the law firms of Shapiro Haber & Urmy LLP and Mallory and Mallory PLLC to represent the Class. Defendants moved to dismiss the Complaint on March 1, 2007, and Lead Plaintiff opposed that motion. The Court ruled in Lead Plaintiff's favor, denying Defendants' motion to dismiss on September 18, 2007.

Lead Plaintiff filed a motion for class certification on January 28, 2008, the parties engaged in discovery related to the issue of class certification, and Defendants opposed the motion. Lead Plaintiff's class certification motion remained pending when the parties held a

mediation in New York before the Honorable Nicholas Politan, a retired federal judge, on September 24, 2008. Through the mediation, the parties agreed to a settlement, the terms of which are embodied in the Stipulation of Settlement.

Following the mediation, and as a condition of settlement, Lead Plaintiff conducted focused discovery, including document production and the depositions of the two individual defendants, regarding the circumstances of the September 28 investor conference, the heavy selling of Presstek stock that day, and the September 29 press release. Lead Plaintiff was satisfied that the evidence learned during this discovery supported the wisdom of settling the action and the reasonableness of the settlement amount.

Lead Plaintiff believes that all the claims asserted in the Litigation are meritorious. However, Plaintiff's Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims against Defendants through summary judgment, trial and appeal. Plaintiff's Counsel are also mindful of the inherent problems of proving, and the possible defenses to, the violations asserted in the Complaint. In particular, establishing liability for "forward looking" statements is especially difficult in securities cases because of the statutory safe harbor for such statements.

Defendants have denied all allegations of wrongdoing, have denied that Lead Plaintiff has stated a cause of action against them, and have denied that the Lead Plaintiff and other Class Members were damaged as alleged in the Complaint.

### III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. At the final approval hearing, to be held after notice is given

to the class and class members have an opportunity to be heard, the Court will be asked to make a final determination as to whether the settlement is fair, reasonable and adequate under all of the circumstances surrounding the Litigation.  Here, however, Lead Plaintiff requests only that the Court grant preliminary approval in order to authorize notification of class members regarding the terms of the settlement and their opportunity to be heard regarding the settlement at the hearing where final approval of the settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'"  *In re NASDAQ Mkt.-Makers Antitrust Litig.*, No. MDL 1023, 1997 U.S. Dist. LEXIS 20835, at *24 (S.D.N.Y. Dec. 31, 1997) (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)).  *See Manual for Complex Litigation* §21.632 (4th ed. 2004).  Here the proposed settlement easily satisfies that standard.

The proposed settlement is well within the range of reasonableness.  *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (approving settlement that was only 6% of the potential recovery).  *See also Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (citing *Grinnell*, 495 F.2d at 455).  *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992).

In the instant case, the settlement amount represents more than 10% of what Lead Plaintiff believes are the likely maximum provable damages, and a much higher percentage of damages if Defendants' estimate of maximum damages is closer to the actual damages.[1] Furthermore, if liability were to be established only with respect to Defendants' statements on September 28, 2006, and not with respect to the July 2006 statements, the settlement is a very substantial percentage of the maximum provable damages. Accordingly, preliminary approval of the $1,250,000 settlement should be granted and notice to the Settlement Class Members authorized.

## IV.   A CLASS SHOULD BE CERTIFIED

In connection with granting preliminary approval of the settlement, the Court should also certify a class in this action, for purposes of settlement only, defined as follows:

> All persons and entities who purchased Presstek common stock during the period July 27, 2006 through September 28, 2006. Excluded from the Class are: defendants, any officers or directors of Presstek, members of the immediate family of any excluded person, and any entities controlled by an excluded person. Also excluded from the Class are any Class Members who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the notice to be sent to Settlement Class Members.

The courts routinely certify settlement classes in complex class actions arising under Rule 23 of the Federal Rules of Civil Procedure. Here, the proposed settlement class satisfies all the criteria for class certification under Federal Rule of Civil Procedure 23(a) and (b). First, the claims of the Lead Plaintiff arise from purchases of Presstek common stock during the Class Period. Second, numerosity is demonstrated by the fact that millions of Presstek common

---

[1] As noted, Defendants have denied all allegations of wrongdoing and have denied that Lead Plaintiff has stated a cause of action against them. Additionally, Defendants have denied that the Lead Plaintiff and other Class Members were damaged as alleged in the Complaint, and contend that there would be no provable damages. Thus, damages would be a disputed issue through summary judgment, trial and any appeal.

shares traded during the Class Period. Third, the efforts of Lead Plaintiff's counsel in successfully prosecuting this action, including defeating Defendants' motion to dismiss and moving for class certification, as well as achieving a favorable settlement through mediation, clearly evidence their ability to represent the Class adequately. Fourth, there are common questions concerning Presstek's issuance of materially misleading statements that predominate over any individual issues of law and fact.

## V.   THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. Lead Plaintiff respectfully submits that the proposed notice and summary notice, which are annexed as Exhibits A-1 and A-2 to the Stipulation of Settlement, submitted herewith, are adequate. If approved by the Court, the notice, along with the Proof of Claim in the form of Exhibit A-3 to the Stipulation of Settlement, will be sent by first-class mail to each Class Member identified from Presstek's transfer records as purchasers of the Company's common stock during the Class Period.[2] In addition, summary notice in the form of Exhibit A-2 will be published in PR Newswire within ten days of the mailing of the notice.

As required by Federal Rule of Civil Procedure 23(c)(2), the notices will inform Class Members of the claims alleged in the action, the terms of the proposed settlement, how to file a

---

[2] As is customary in securities class actions, the Claims Administrator will also mail the notice and proof of claim to a comprehensive list of securities brokers and other institutions who serve as nominee holders of Presstek stock, with directions either to mail the notice and proof of claim to their customers who are Class Members or to provide a list of such customers to the Settlement Administrator for mailing directly to the customers. This procedure has been found to be an effective method for reaching Class Members, as evidenced by the large number of claim forms typically filed in these actions.

proof of claim, and their rights as Class Members to opt out or to object to the settlement, or otherwise object to the plan of allocation and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings."'") (citations omitted). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the settlement, Lead Plaintiff respectfully requests the appointment of Berdon LLP ("Berdon") as Claims Administrator. The Claims Administrator will be responsible for, among other things, mailing the notice, publishing the summary notice, and reviewing, processing and paying claims. Berdon has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VI. THE PROPOSED PLAN OF DISTRIBUTION IS FAIR AND REASONABLE

The plan of distribution of the settlement proceeds to class members, which is described in section XII of the Notice (Exh. A-1 to the Stipulation of Settlement), is designed to allocate the settlement proceeds among class members based on the particular circumstances of this case. The plan provides that the settlement proceeds will be allocated among Class Members in proportion to the Recognized Loss of each Class Member. The Recognized Loss will be calculated as follows:

1. For each share of Presstek stock purchased during the Class Period (July 27, 2006 through September 28, 2006) and sold on September 29, 2006, the Recognized Loss is the difference between the purchase price and the sale price.

2. For each share of Presstek stock purchased during the Class Period and held as of the close of trading on September 29, 2006, the Recognized Loss is the difference between the purchase price and $5.39, the closing price on September 29, 2006.

>   3.  In recognition that Class Members who purchased shares of Presstek stock on September 28, 2006 have stronger claims than Class Members who purchased shares prior to September 28, the Recognized Loss for Class Members who purchased Presstek stock on September 28 will be assigned a multiplier of 3.0 for purposes of calculating their Recognized Loss.

The calculation of Recognized Loss is based on actual losses of Class Members and this formula has been used in countless securities class actions.  The formula provides that Class Members who sold their shares before the end of the Class Period do not have any compensable loss, consistent with the Supreme Court's holding in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005), that persons who sold their stock before any disclosure of the alleged fraud can not establish "loss causation," an essential element of a securities fraud claim.  Finally, the plan of distribution assigns extra weight to Class Members who purchased Presstek shares on September 28, in recognition of the fact that the claims with respect to September 28 are much stronger than the claims based on purchases prior thereto.  Indeed, the Court in denying Defendants' motion to dismiss relied on the September 28 statements, and the ruling could be interpreted as not reaching a conclusion as to whether the complaint adequately pled a case as to the July statements.  Moreover, Defendants' main opposition to class certification is that no class can be certified for the period prior to September 28 because Lead Plaintiff had not shown that the July statements were actionable.

For these reasons, Plaintiff's counsel, with the assistance of an expert, determined that extra weighting should be assigned to the Recognized Losses of Class Members who purchased Presstek stock on September 28, 2006.

## **CONCLUSION**

Lead Plaintiff requests that the Court enter the Order of Preliminary Approval, approving the form of the notice, summary notice and proof of claim form and the manner of giving notice, and setting a hearing date for final approval.

DATED:  March 10, 2009                    Respectfully submitted,

/s/ Mark L. Mallory
Mark L. Mallory, Bar ID 1599
MALLORY AND FRIEDMAN, PLLC
8 Green Street
Concord, NH 03301
Telephone: 603-228-2277
mark@malloryandfriedman.com


/s/ Thomas G. Shapiro
Thomas G. Shapiro
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617-439-3939
tshapiro@shulaw.com

## **CERTIFICATE OF SERVICE**

      I, Mark Mallory, hereby certify that on March 10, 2009, this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

                                                  **/s/ Mark L. Mallory**
                                                  Mark L. Mallory