UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JAMES SLOMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PRESSTEK, INC., EDWARD J. MARINO and MOOSA E. MOOSA,

    Defendants.

Civil Action No. 06-cv-377-JL

## STIPULATION OF SETTLEMENT

WHEREAS, Plaintiff James Sloman ("Lead Plaintiff"), on behalf of himself and others similarly situated, filed the above captioned action (the "Litigation") as a putative class action in the United States District Court for the District of New Hampshire against Presstek, Inc. ("Presstek" or the "Company"), Edward J. Marino and Moosa E. Moosa (the "Individual Defendants" and together with Presstek, the "Defendants"), alleging violation of Section 10(b), including Rule 10b-5 promulgated thereunder, and Section 20(a) of the Securities Exchange Act of 1934;

WHEREAS, Defendants deny all allegations of wrongdoing;

WHEREAS, following mediation conducted by the Honorable Nicholas H. Politan, Lead Plaintiff and Defendants (collectively, the "Parties"), by and through their undersigned counsel, have reached an agreement for the settlement and dismissal with prejudice of the Litigation on the terms and conditions set forth herein (the "Settlement");

WHEREAS, despite maintaining that they are not liable for the claims asserted herein and that they have good defenses thereto, Defendants have determined to enter into this Agreement, among other reasons, to avoid further expense, inconvenience, and the burden of protracted litigation, to avoid the distraction and diversion of their personnel and resources, to avoid the risk of litigation and to obtain a full release of all claims and potential claims from the Class Members;

WHEREAS, Lead Plaintiff and Settlement Class Counsel consider the terms of the settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Class;

NOW, THEREFORE, in consideration of the foregoing promises, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>No Admission</u>. The Parties agree that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of liability or an admission against interest or an admission of any wrongdoing whatsoever by any of them. Defendants deny that they have committed any violations of law or other wrongdoing. The Settlement and all negotiations, discussions and proceedings in connection with the Settlement shall not create an inference of wrongdoing, and are inadmissible for any purpose other than the enforcement of the terms of this Settlement.

2. <u>Select Definitions.</u> The following terms, as used in this Agreement, have the following meanings:

   a. "Authorized Claimant" means a Class Member who submits to the Claims Administrator a timely and valid Proof of Claim form, substantially similar in form to Exhibit A-3 hereto, that is approved by the Claims Administrator in whole or in part.

   b. "Claimant" means a Person who submits a Proof of Claim to the Claims Administrator seeking to share in the Settlement Fund.

   c. The "Class" means all persons and entities who purchased Presstek common shares from July 27, 2006 through September 28, 2006, inclusive, excluding Defendants, any officers or directors of Presstek, members of the immediate family of any excluded person, and any entities controlled by an excluded person.

   d. "Class Member" means any Person included in the definition of the Class as set forth herein, and who does not timely and validly opt out of the Class in accordance with the exclusion procedure and deadline set by the Court.

   e. "Final Court Approval" means the Court has entered the Final Judgment in accordance with Paragraph 7 and the expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to such Final Judgment or, if any appeal, reargument, writ of certiorari or other review is filed and not dismissed, after such Final Judgment is upheld in all material respects and is no longer subject to reargument certification, certiorari or other review; <u>provided</u>, <u>however</u>, that an appeal shall not delay, impair or preclude Final Court Approval to the extent it pertains solely to (i) the Plan of Allocation, or (ii) any application for attorneys' fees and expenses.

   f. "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency

2

    thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

g. "Plan of Allocation" means the plan and procedures for allocating the Settlement Fund to be distributed to the Authorized Claimants, as approved by the Court.

h. "Preliminary Court Approval" means an order by the Court substantially similar in form to Exhibit A hereto: (i) certifying the Class and approving Settlement Class Counsel for purposes of settlement only; (ii) preliminarily approving the Settlement; (iii) approving a form of notice to the Class Members substantially similar in form to the mailed notice attached as Exhibit A-1 and the publication notice attached as Exhibit A-2; that satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure; and (iv) approving a plan for providing such notice (with any expenses associated with such notice coming out of the Settlement Fund as provided for herein) to Class Members that is practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

i. "Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Presstek securities, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Litigation by the Lead Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the

3

Complaint or relate to the purchase and/or other acquisition of shares of common stock of Presstek during the Class Period. Released Claims do not include any individual claims that a Class member may have against his/her/its broker or financial advisor with respect to Presstek securities.

j. "Released Parties" means the Defendants and their respective present and former direct and indirect parents, subsidiaries, and affiliates, and any of their present and former officers, directors, partners, employees, agents, representatives, attorneys, advisors, fiduciaries, sureties, insurers and reinsurers, auditors and accountants, predecessors, heirs, successors and assigns of each of them, and any other person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing.

k. "Releasing Parties" means Lead Plaintiff and each of the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors.

l. "Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Lead Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff acknowledges, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

3. <u>Settlement Fund</u>. Subject to the terms and conditions set forth in this Agreement, within fifteen (15) days of Preliminary Court Approval, Presstek, by its insurers, shall pay one million two hundred fifty thousand dollars ($1,250,000) into an escrow account (the "Settlement Fund") established by Settlement Class Counsel and acceptable to Presstek. Settlement Class Counsel shall be able to utilize up to fifty thousand dollars ($50,000) of the Settlement Fund in furtherance of the administration of the Settlement. Otherwise, the Settlement Fund shall be held in escrow and subject to the jurisdiction of the Court until Final Court Approval.

4

4. <u>Release</u>. The Releasing Parties fully, finally and forever release, relinquish and discharge the Released Claims against the Released Parties.

5. <u>Covenant Not To Sue.</u> The Releasing Parties shall not commence or prosecute, or assist in the commencement or prosecution of, any Released Claim against any Released Party.

6. <u>Preliminary Court Approval</u>. After execution of this Stipulation of Settlement, Settlement Class Counsel shall promptly file a motion, on consent by Presstek, seeking Preliminary Court Approval of the Settlement in a form substantially similar to Exhibit A hereto.

7. <u>Final Judgment.</u> Settlement Class Counsel shall file a motion, on consent by Presstek, seeking entry of an order and final judgment, in substantially similar form to Exhibit B hereto: (i) approving the Settlement as satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure, including a finding that the terms are fair, reasonable and adequate; (ii) dismissing the Litigation with prejudice and without costs as to the Defendants; (iii) containing a release in the form described in Paragraph 4, a covenant not to sue as described in Paragraph 5, and a bar order as described in Paragraph 16; and (iv) barring and enjoining each Class Member from commencing or prosecuting, or assisting in the commencement or prosecution of any Released Claim against any of the Released Parties ("Final Judgment").

8. <u>Conditions of Settlement</u>. The Settlement is conditioned on each of the following:

    (a) The total number of common shares owned by the Class Members that are subject to this Settlement that opt out of the Settlement do not exceed the percentage of total common shares subject to this Settlement that is set forth in the parties' Supplemental Agreement, unless Presstek determines in its sole discretion to waive such condition;

    (b) Preliminary Court Approval;

    (c) Entry of the Final Judgment; and

    (d) Final Court Approval.

9. <u>Claims Administration</u>. Settlement Class Counsel shall designate an entity to administer the Settlement Fund (the "Claims Administrator"). The Claims Administrator shall administer the rights and obligations of the Class conferred hereunder, under Settlement Class Counsel's supervision and subject to the Court's jurisdiction. Defendants will not have any responsibility for, or liability with respect to, the form, substance, method or manner of administration or distribution of the Settlement Fund to Class Members.

10. <u>Distribution to Authorized Claimants.</u> The Claims Administrator shall determine each Class Member's <u>pro rata</u> share of the Settlement Fund based upon a reasonable Plan

of Allocation to be proposed by Settlement Class Counsel and approved by the Court. It is not a condition of this Agreement that any particular Plan of Allocation be approved, and any decision by the Court concerning the Plan of Allocation shall not affect the validity, finality or enforceability of this Agreement.

11.   Administration of the Settlement to Class Members.  (a) Any Class Member who does not timely submit a valid Proof of Claim shall not be entitled to receive any of the proceeds from the Settlement Fund, but will otherwise be bound by all of the terms of the Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue, and will be barred and enjoined from bringing any action against the Released Parties, as set forth in Paragraphs 4, 5 and 7 above and Paragraph 16 below.

(b)   Settlement Class Counsel shall be solely responsible for supervising the administration and disbursement of the Settlement Fund by the Claims Administrator, and the disbursement of attorneys' fees and reimbursement of costs and expenses from the Settlement Fund. Defendants shall have no liability, obligation or responsibility for the administration of or disbursement of the Settlement Fund.

(c)   All Proofs of Claim must be submitted by the date specified in the notice approved by the Court, unless such period is extended by order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of the Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue, and will be barred from bringing any action against the Released Parties, as set forth in paragraphs 4, 5 and 7 above and Paragraph 16 below.

(d)   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery by Settlement Class Counsel and/or the Claims Administrator under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.

(e)   Payment pursuant to the Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement, including the terms of the Final Judgment and the release and covenant not to sue and will be barred from bringing any action against Defendants as provided for in Paragraphs 4, 5 and 7 above and Paragraph 16 below.

(f)   Each member of the Class shall execute all appropriate documentation as a condition of receipt of any payment from the Settlement Fund, including, without limitation (i) a release as described in Paragraph 4 above, and (ii) a covenant not to sue as described in Paragraph 5 above.

12. <u>Distribution of Settlement Funds.</u> The Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator in accordance with the Plan of Allocation only after Final Court Approval and after: (a) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (b) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (c) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time to notice an appeal, seek reargument, make a petition or otherwise seek review has expired; and (d) all costs of administration and taxes have been paid or reserved for.

13. <u>Attorneys' Fees and Costs.</u> Unless requested by the Court, Defendants shall take no position on any application by Settlement Class Counsel for an award of attorneys' fees, costs or expenses in connection with this Settlement which does not exceed 33% of the Settlement Fund (including interest) plus reimbursement of expenses not to exceed $30,000 and, as provided by statute, compensation to Lead Plaintiff for his expenses (including lost wages) not to exceed $15,000. Attorneys' fees, costs and/or expenses awarded to Settlement Class Counsel shall be paid solely out of, and shall not be in addition to, the Settlement Fund. The Settlement shall not be conditioned upon any award of attorneys' fees, costs or expenses to Settlement Class Counsel. Any order or proceedings relating to the application for attorneys' fees, costs and/or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Final Judgment approving the Settlement. To the extent approved by the Court, attorneys' fees, costs and/or expenses shall be payable to Settlement Class Counsel seven (7) days following Final Court Approval and expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to any award of attorneys' fees, costs and expenses or if any appeal, or reargument, writ of certiorari or other review is filed and not dismissed, after such award of attorneys' fees, costs, or expenses is upheld and no longer subject to reargument, certification, certiorari or other review.

14. <u>Failure of the Court to Approve the Settlement.</u> If the Settlement does not receive Final Court Approval, is terminated by its terms or is otherwise voided for any reason, then: (1) the Settlement Fund, less a reserve for any taxes owed thereon or accrued but unpaid and for costs reasonably incurred by the Claims Administrator and/or expenditures made in the administration of the Settlement up to fifty thousand dollars ($50,000), shall be refunded, along with any interest accrued thereon, to Presstek, and the Parties shall be restored to their respective positions in the Litigation as of the date one day prior to the date of this Agreement, whereupon the Parties shall jointly move the Court to promptly reschedule a hearing on the already-briefed motion for class certification, the hearing for which was postponed to accommodate the Parties' mediation before Judge Politan, and (2) this Agreement and any subsequent Settlement documents shall be null and void and inadmissible in any proceeding before any court or tribunal (except to the extent required to enforce the refund provisions of this Paragraph 14).

15.  Taxes.  The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. All expenses incurred by the Settlement Fund, including, without limitation, all federal, state and local taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund, shall be paid out of the Settlement Fund, and Defendants shall have no liability or responsibility therefor.

16.  Bar Order.  The Final Judgment shall include, pursuant to the Private Securities Litigation Reform Act (PSLRA), as codified at 15 U.S.C. § 78u-4(f)(7)(A), an order providing that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

17.  Confidentiality.  Lead Plaintiff and Settlement Class Counsel agree not to disclose the existence or terms of the Settlement to any Person until after public disclosure of the Settlement by Presstek or notice of the Settlement is transmitted or otherwise disseminated to the Class Members, whichever comes first.

18.  Stay of Proceedings.  Pending Final Court Approval, Lead Plaintiff shall not seek relief in any forum, or take any action in the Litigation, and all proceedings in the Litigation or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

19.  Execution.  This Settlement may be executed in counterparts by facsimile or original signature, each of which shall constitute and be deemed one and the same instrument.  Each of the attorneys executing this Agreement on behalf of his/her respective client(s) hereby represents and warrants that he/she has full power and authority to do so.

20.  Entire Agreement.  This Settlement contains the Parties' entire agreement, and supersedes any prior oral or written agreements, negotiations, and/or communications by the Parties on the subject matter hereof, and may only be modified or amended by a writing executed by all the signatories hereto.

21.  Governing Law.  This Settlement shall be governed by, and construed in accordance with, the laws of the State of New Hampshire, without regard to the New Hampshire's conflict of law rules.  All disputes regarding the existence, validity, or

NEWYORK 7021403 v2 (2K)

enforceability of this Settlement shall be filed in the United States District Court for the District of New Hampshire.

22. <u>Return of Documents</u>. Within 15 days of Final Court Approval, Settlement Class Counsel shall return to the undersigned counsel for Defendants or destroy all discovery material produced in the Litigation or pursuant to any memorandum of understanding or preliminary settlement agreement by Defendants and shall not retain any copies or extracts thereof. In the event Settlement Class Counsel chooses to destroy all such material, Settlement Class Counsel shall promptly provide to Defendants a certification attesting to the destruction of such discovery material.

23. <u>Successors</u>. Except as otherwise provided herein, this Settlement shall be binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.


Dated: _____    _____
                                SHAPIRO HABER & URMY LLP

                                Thomas G. Shapiro
                                53 State Street
                                Boston, MA 02109
                                (617) 439-3939

                                Mark L. Mallory
                                Mallory and Friedman, PLLC
                                8 Green Street
                                Concord, NH 03301
                                (603) 228-2277

                                Attorneys for Lead Plaintiff and the Class


Dated: _____    _____
                                WHITE & CASE LLP

                                Glenn M. Kurtz
                                Douglas P. Baumstein
                                Gregory M. Starner
                                1155 Avenue of the Americas
                                New York, NY 10036
                                (212) 819-8200

                                Attorneys for Defendant Presstek, Inc.

Dated: _____    _____
                                BINGHAM McCUTCHEN LLP

                                Jordan D. Hershman
                                Jason D. Frank
                                Nikki J. Fisher
                                1 Federal Street
                                Boston, MA 02110-1726
                                (617) 951-8000


                                Attorneys for Defendant Moosa E. Moosa


Dated: _____    _____
                                CHOATE HALL & STEWART LLP

                                John R. Baraniak, Jr. (#6562)
                                R.J. Cinquegrana
                                Two International Place
                                Boston, MA 02110
                                (617) 248-5000

                                Attorneys for Defendant Edward J. Marino