UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JAMES SLOMAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRESSTEK, INC., EDWARD J. MARINO and MOOSA E. MOOSA, <br><br> Defendants. | Civil Action No. 06-cv-377-JL |

## ORDER OF PRELIMINARY APPROVAL

**WHEREAS**, the parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Proposed Settlement") entered into by the parties as of January _____, 2009 together with the Exhibits annexed thereto, which are incorporated herein by reference;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Stipulation of Settlement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1.      The parties' Proposed Settlement, as embodied in the Stipulation of Settlement and the exhibits attached thereto, is preliminarily approved as fair, reasonable, adequate and in

the best interests of the Class, pending a final hearing on the Proposed Settlement as provided herein.

2.      This Settlement shall apply to the class, certified now by the Court for settlement purposes, consisting of all persons or entities, who during the period from July 27, 2006 through September 28, 2006, inclusive ("Class Period"), purchased common stock of Presstek, Inc. ("Presstek"), and were damaged thereby. Excluded from the Class are Defendants; any parent, subsidiary, affiliate, current or former officer or director of the Presstek; any immediate family members of any excluded person; any entity in which any excluded person has a controlling interest; and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any excluded person.

3.      The Court approves, as to form and content, the proposed form of Notice of Pendency and Proposed Settlement of Class Action and Settlement Fairness Hearing submitted by the parties as Exhibit A-l to the Stipulation of Settlement ("Notice"), and the Proof of Claim Form and Release submitted by the parties as Exhibit A-3 to the Stipulation of Settlement ("Proof of Claim"), and directs that Class Counsel shall mail, or cause to be mailed, such Notice and Proof of Claim to all members of the Class ("Class Members"), who can be identified through reasonable effort. The mailing is to be made by first-class United States mail, postage prepaid, at least 60 days prior to the date of the Settlement Hearing.

4.      The Court hereby approves, as to form and content, the proposed form of Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Fairness Hearing submitted by the parties as Exhibit A-2 to the Stipulation of Settlement ("Summary Notice"), and directs that Class Counsel shall cause such Summary Notice to be published once

in the national edition of The Wall Street Journal no more than 10 days after the mailing of the Notice and at least 50 days prior to the Settlement Hearing.

5.      The Court finds and determines that mailing of the Notice and Proof Of Claim and publication of the Summary Notice constitute the best notice to the Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process, of 15 U.S.C. § 78u-4(a)(7), and of Rule 23 of the Federal Rules of Civil Procedure.

Any Class Member who desires to request exclusion from the Class must submit a written request for exclusion in the form and manner required by the Notice. Such request for exclusion must be mailed with a postmark no later than **14 days prior to hearing (exclusion requests)**; must refer to the action *James Sloman, Individually and on Behalf of All Others Similarly Situated v. Presstek, Inc., et al.*, No. 06-cv-377-JL; must include a statement that the Class Member wishes to be excluded from the Class; and must provide the number of shares of Presstek common stock purchased or sold during the Class Period, and the dates of such purchases and sales. Such requests for exclusion must be mailed to:

> Shapiro Haber & Urmy LLP
> Attn: Presstek Litigation
> 53 State Street
> Boston, MA 02109

Class Counsel shall, on receipt of any request for exclusion, immediately forward such request to Defendants' Counsel.

6.      Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any determination, order or judgment entered in the Action, whether favorable or unfavorable to the Class, even if such Class Member does not submit a timely Proof of Claim.

7.      A hearing will be held by this Court in the courtroom of The Honorable Joseph N. LaPlante, United States District Court, 55 Pleasant Street, Concord, NH 03301 at **10:00 am.**

**on Monday July 20, 2009** ("Settlement Hearing"), to determine: (a) whether the Proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; (b) whether a final judgment should be entered substantially in the form of Exhibit B to the Stipulation of Settlement; (c) whether the Representative Plaintiff's proposed plan of distribution of the settlement proceeds that is described in the Notice ("Plan of Distribution") should be approved as fair and reasonable to the Class; and (d) whether to approve the application of Class Counsel for an award of attorneys' fees of 33% of the Settlement Fund, for Class Counsel's costs and expenses not to exceed $30,000, and for an award to the Lead Plaintiff of reasonable costs and expenses (including lost wages) not to exceed $15,000 ("Fee and Expense Petition"). The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8.      Prior to the Settlement Hearing, Class Counsel shall cause an affidavit to be filed with the Court certifying that the Notice has been provided and the Summary Notice has been published as directed in Paragraphs 3 and 4 of this Order.

9.      Attendance at the Settlement Hearing is not mandatory. Notwithstanding, any Class member who does not timely and properly exclude him/her/itself from the Class may appear and show cause at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness and adequacy of the Settlement, the Plan of Distribution and the Fee and Expense Petition submitted by Class Counsel. However, no Class member shall be heard in opposition to the Settlement and no paper or brief submitted by any such person shall be received or considered by the Court unless fourteen (14) calendar days before the Settlement Hearing, that person shall file with the Clerk of this Court and serve copies

on counsel at the following addresses a written statement of the position he, she or it will assert, and the reasons for his, her or its position, and proof of membership in the Class:

Charli M. Pappas, Clerk
United States District Court
55 Pleasant Street
Concord, NH  03301

Thomas G. Shapiro
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109

*Counsel for Lead Plaintiff and the Class*

Douglas Baumstein
White & Case LLP
1155 Avenue of the Americas
New York, NY  10036

*Counsel for Defendant Presstek*

Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising any objection to the terms and conditions of, or to the fairness, reasonableness or adequacy of the proposed settlement or to the Judgment to be entered thereon in this or any other action or proceeding.

10. In order to share in any proceeds resulting from the settlement of this Action, Class Members must submit the Proof of Claim in the manner provided therein by no later than **<u>150 days from the date of this order (class members must submit proof).</u>** All Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.  Late claims shall be denied as untimely except as the Court may otherwise order.

5

11. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12. All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no member of the Class, either directly, representatively, or in any other capacity, shall institute, commence or prosecute against the Defendants, any of the Settled Claims in any action or proceeding in any court or tribunal.

13. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation of Settlement and/or further order(s) of the Court.

14. All papers in support of the proposed Settlement, including any application by Class Counsel for attorneys' fees and expenses shall be filed and served at least five (5) business days before the Settlement Hearing.

15. Neither the Stipulation of Settlement nor the fact of the Settlement is an admission or concession by the Defendants of any liability or wrongdoing or an admission as to the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation of Settlement or any Judgment thereon, the fact of Settlement, the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against the Defendants in any proceeding, for any purpose other than as may be necessary to consummate or enforce the Stipulation of Settlement.

16.        The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date:   May 1, 2009

*/s/ Joe LaPlante*

_____
Honorable Joseph N. LaPlante
United States District Judge