UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2009 JUL 20 A 10: 29

JAMES SLOMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

PRESSTEK, INC., EDWARD J. MARINO and MOOSA E. MOOSA,

    Defendants.

Civil Action No. 06-cv-377-JL

## FINAL JUDGMENT

**WHEREAS**, the parties to the above-described action (the "Action") entered into a Stipulation of Settlement dated as of March 11, 2009 (the "Settlement"); and

**WHEREAS**, on May 1, 2009, the Court entered an Order of Preliminary Approval which, *inter alia*: (i) preliminarily approved the Settlement; (ii) confirmed the Action has been certified as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) approved the forms of notice of the Settlement to the Class Members; (iv) directed that appropriate notice of the Settlement be given to the Class; and (v) set a hearing date for final approval of the Settlement; and

**WHEREAS,** notice of the Settlement was mailed to Class Members and the Summary Notice of the Settlement was published in the national edition of The Wall Street Journal, as attested to in the Affidavit of the Claims Administrator filed herein; and

WHEREAS, on July 20, 2009, a hearing was held on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Class ("Settlement Hearing"); and

WHEREAS, based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the pleadings and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

2. The form, content, and method of dissemination of the notice given to the Class, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, was adequate and reasonable, and constituted the best notice practicable under the circumstances.

3. The notice, as given, complied with the requirements of 15 U.S.C. § 78u-4(a)(7) and of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

4. The Plan of Distribution described in the notice to Class Members is fair and reasonable and it is hereby approved.

5. Lead Plaintiff James Sloman, the "Representative Plaintiff," has fairly and adequately represented the interests of the Class Members in connection with the Settlement.

6. The Representative Plaintiff and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

7.        The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

8.        All parties and counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

9.        This action is certified as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as previously determined by this Court in its Order dated May 1, 2009. The Class consists of all persons or entities who during the period from July 27, 2006 through September 28, 2006, inclusive ("Class Period"), purchased common stock of Presstek, Inc. ("Presstek"), and were damaged thereby. Excluded from the Class are Defendants Presstek, Edward J. Marino, and Moosa E. Moosa; any parent, subsidiary, affiliate, current or former officer or director of Presstek; members of the immediate family of any excluded person; any entity in which any excluded person has a controlling interest; and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any excluded person.

10.       Excluded from the Class as well are those persons who filed timely and valid requests for exclusion: NONE

11.       The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement.

12.       Judgment shall be, and hereby is, entered dismissing the Action with prejudice and without taxation of costs in favor of or against any party except as provided in the Stipulation of Settlement.

13.     The Representative Plaintiff and all Class Members are hereby conclusively deemed to have released Defendants, the past and present parents, subsidiaries, and affiliated corporations and entities of Presstek, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents and assigns (the "Released Parties"), from any and all Released Claims (the "Released Claims"). As defined in the Stipulation of Settlement, "Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Pressetek securities, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any

other person, thing or entity that (i) have been asserted in this Litigation by the Lead Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Lead Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or relate to the purchase and/or other acquisition of shares of common stock of Presstek during the Class Period. Released claims do not include any individual claims that a Class Member may have against his/her/its broker or financial advisor with respect to Presstek securities.

14.     The Representative Plaintiff and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, or assisting in the commencement or prosecution of, any and all Released Claims which they or any of them had, have or may have against the Released Parties.

15.     Any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law are permanently and forever barred. This includes any claims, counterclaims, cross-claims, third party claims or other actions in this or any other court, arbitration, administrative agency or forum, or brought in any matter.

16. The Court appoints the law firms of Shapiro Haber & Urmy LLP and Mallory and Friedman PLLC as Class Counsel for purposes of administration of the Settlement.

17. The Plan of Distribution of the Settlement Fund as described in the notice to Class Members is hereby approved, subject to modification by further order of this Court. Any order or proceedings relating to the Plan of Distribution or amendments thereto shall not operate to terminate or cancel the Stipulation of Settlement or affect the finality of this Order approving the Stipulation of Settlement.

18. The Court hereby decrees that neither the Stipulation of Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Defendants of any liability or wrongdoing. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation of Settlement nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation of Settlement.

19. The parties to the Stipulation of Settlement, their agents, employees, and attorneys, and the Claims Administrator and the Escrow Agent, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Final Judgment, or the administration of the payments to Authorized Claimants as provided in the Stipulation of Settlement and this Order, except for their own willful misconduct. No Class Member shall have any claim against the Representative Plaintiff or Class Counsel based on distributions made

substantially in accordance with the Distribution Plan and orders of the Court. No Class Member shall have any further rights or recourse against the Defendants for any matter related to the Plan of Allocation, distributions thereunder, or the claims process generally.

20.     Class Counsel are awarded attorneys' fees in the amount of $ _412,500.00_ and reimbursement of expenses, including experts' fees and expenses, in the amount of $ _26,824.00_, such amounts to be paid from out of the Settlement Fund. Lead Plaintiff is hereby awarded $ _15,000.00_ in compensation for his expenses, including lost wages.

21.     Such Fees and Expenses shall be payable from the Settlement Fund within seven (7) days following the entry of this Order and (i) the expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to such Order where no such appeal or reargument, certification, certiorari or other review is sought or, if any appeal, reargument, certification, certiorari or other review is sought and not dismissed, after such Order is upheld in all material respects and is no longer subject to appeal, reargument, certification, certiorari or other review, and (ii) expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to any award of attorneys' fees, costs and expenses where no such appeal, reargument, certification, certiorari or other review is sought, or if any appeal, reargument, certification, certiorari or other review is sought and not dismissed, after such award of attorneys' fees, costs or expenses is upheld and no longer subject to appeal, reargument, certification, certiorari or other review.

22.   The Court hereby retains and reserves jurisdiction over implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Stipulation of Settlement and pursuant to further orders of this Court.

23.   There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claim of the Representative Plaintiff and the Class against Defendants in this Action, it allows consummation of the Settlement, and it will expedite the distribution of the Settlement proceeds to the Class Members.

Date: _July 20_, 2009

_____
Honorable Joseph N. LaPlante
United States District Judge